The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert C. WETTER, a/k/a Robert Wert, a/k/a Pud Wetter, Defendant–Appellant.

No. 97CA1022.

Colorado Court of Appeals, Div. IV.

March 18, 1999.

Rehearing Denied April 29, 1999.

Certiorari Denied Sept. 13, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Robert Wetter, appeals the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We reverse and remand for further proceedings.

As a result of acts that allegedly occurred in August 1995, defendant was charged with two counts of attempted first degree murder, one count of first degree arson, one count of fourth degree arson, one count of first degree burglary, and one count of criminal mischief for acts that allegedly occurred in August 1995.

Pursuant to a plea agreement, defendant pled guilty to the charge of fourth degree arson, and to an added charge of first degree

assault under Colorado Sess. Laws 1986, ch. 136, § 18–3–202(1)(d). As a result of defendant's guilty pleas, the remaining charges against him were dismissed.

Defendant was then sentenced to consecutive terms of four years in prison for the arson conviction and ten years in prison for the first degree assault conviction.

Thereafter, defendant filed a *pro se* Crim. P. 35(c) motion seeking concurrent, rather than consecutive, sentences. In his motion, defendant relied upon the language of the first degree assault statute to which he had pled guilty to conclude that arson was an "included offense" of the crime of first degree assault and that, thus, he was entitled to concurrent sentences. The statute at issue provided that a person commits first degree assault if "[a]cting either alone or with one or more persons, he commits or attempts to commit . . . arson . . . and in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the serious bodily injury of a person, other than a participant in the commission or attempted commission of the crime, is caused by anyone."

The motion was denied, and this appeal followed.

After all the briefs were filed, we requested supplemental briefs addressing whether one or more of defendant's guilty pleas should be vacated on either of the following grounds: (1) § 18–3–202(1)(d) was repealed on July 1, 1995, *see* Colo. Sess. Laws 1995, ch. 240, § 18–3–202(1)(d) at 1250, and, therefore, did not exist at the time of the alleged incident; or (2) § 18–1–408(1)(a) and 18–1–408(5)(a), C.R.S.1998, preclude convictions of both a greater and a lesser included offense.

■ We conclude that, because first degree assault under § 18–3–202(1)(d) was not a crime at the time of the alleged incident, the trial court exceeded its jurisdiction in accepting defendant's guilty plea to that offense. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (a trial court exceeds its jurisdiction when it convicts a defendant of a non-existent crime). That conviction, therefore, must be vacated.

The power to define crimes and prescribe punishments is vested exclusively in the General Assembly, and the courts may not disregard its exercise of that power. *People v. Montgomery,* 669 P.2d 1387 (Colo.1983).

■ Accordingly, a defendant may not be convicted of a crime where, as here, the General Assembly has expressly repealed the statute defining that crime. This is so, even if the defendant agrees to the conviction. *See Waits v. People,* 724 P.2d 1329 (Colo. 1986) (Vollack, J., specially concurring in part) (concluding that the trial court was without jurisdiction to accept a guilty plea to a non-existent crime); *see also People v. Burgess,* 946 P.2d 565 (Colo.App.1997) (subject matter jurisdiction may not be waived).

Our conclusion finds support in decisions of other jurisdictions as well. *See State v. Sanchez,* 174 Ariz. 44, 846 P.2d 857 (Ariz. App.1993) (trial court exceeded its authority in accepting guilty plea to a non-existent crime); *State v. Stevens,* 452 So.2d 289 (La. App.1984) (trial court was without jurisdiction to accept guilty plea to non-existent crime).

■ In reaching this conclusion, we reject the People's contention that, because defendant did not challenge the validity of his guilty pleas in the trial court, and the trial court did not rule on the issue, the validity of the conviction is not properly before this court. *See People v. Torkelson,* 971 P.2d 660 (Colo.App.1998) (jurisdictional defects may be raised at any time, including for the first time on appeal).

■ We also reject the People's contention that the repealed statute, § 18–3–202(1)(d), was simply renumbered as § 18–3–203(2)(b.5), C.R.S.1998, and that, therefore, the offense defendant pled guilty to existed at the time of the alleged incident. Because § 18–3–203(2)(b.5) functions only as a sentencing enhancer for the crime of second degree assault, it does not itself constitute the basis for any criminal charge, much less a first degree assault charge. *See Armintrout v. People,* 864 P.2d 576 (Colo.1993) (statutory provisions raising the level of a particular offense from one class of felony to another are treated as sentence enhancers);

*People v. Melillo*, 976 P.2d 353 (Colo.App. 1998) (sentence enhancers cannot constitute the basis for criminal charges).

Further, in light of our conclusion, we need not address defendant's specific contentions in support of his initial request for concurrent sentences. Nor must we decide whether the arson conviction merges into the assault conviction.

■ Because the defendant's plea and sentence related to the first degree assault were illegal and were a material part of the plea agreement, the pleas to both charges must be vacated. *Chae v. People*, 780 P.2d 481 (Colo.1989); *People v. Jones*, 985 P.2d 75 (Colo.App.1999).

The order denying defendant's motion is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judge RULAND and Judge ROTHENBERG concur.