The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Bree Nicole STEPHENSON, Defendant–Appellant.

No. 99CA1203.

Colorado Court of Appeals, Div. II.

Oct. 26, 2000.

Rehearing Denied Jan. 4, 2001.

Certiorari Denied Sept. 4, 2001.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Robert S. Berger, P.C., Robert S. Berger, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Bree Nicole Stephenson, appeals the sentences imposed upon her convictions for aggravated robbery and "attempted felony murder." We vacate the judgment of conviction in part and remand for further proceedings.

Defendant was charged with felony murder and aggravated robbery. A separate crime of violence count was filed in connection with the aggravated robbery charge.

Pursuant to a plea bargain, the murder charge and crime of violence count were both dismissed, and defendant pled guilty to aggravated robbery and an added count of "attempted felony murder."

The trial court imposed a sentences of 24 years for "attempted felony murder" and 32 years for aggravated robbery, to be served consecutively. This appeal followed.

Initially, defendant argued on appeal that she was entitled to concurrent sentences for her two convictions. In response, the People asserted that such a remedy was unavailable.

Thereafter, at oral argument, we asked both parties to submit supplemental briefs further addressing the issue of whether "attempted felony murder" is actually an offense in Colorado. In their submissions, the parties agreed that Colorado law does not recognize the offense of attempted felony murder, but they disagreed regarding the consequences of a guilty plea to such a nonexistent crime.

## I. Attempted Felony Murder

In *People v. Waits*, 695 P.2d 1176 (Colo.App.1984)(*Waits I*), a division of this court held that attempted felony murder is not a recognized offense in Colorado. Although the division concluded that a defendant could not be convicted of the offense at trial, it nevertheless upheld the defendant's guilty plea to the "hypothetical crime."

The supreme court reversed *Waits I* on other grounds in *Waits v. People*, 724 P.2d 1329, 1333 n. 5 (Colo.1986)(*Waits II*), but specifically declined to "determine if there is such a crime as attempted felony murder." However, Justice Vollack addressed the issue in a special concurrence and concluded that attempted felony murder is not a defined offense in Colorado.

In *People v. Meyer*, 952 P.2d 774 (Colo. App.1997), a division of this court confronted the question directly and held that the offense of "attempted felony murder" is a logical impossibility not recognized in Colorado. We find the reasoning of *Meyer* persuasive and adopt it here. But *cf. People v. Dunlap*, 975 P.2d 723, 734 (Colo.1999)(noting, without discussion, that the defendant was convicted of "attempted first degree felony murder").

In so doing, we note that the division in *Meyer* did not refer either to *Waits I* or to Justice Vollack's special concurrence in *Waits II*. In our view, the absence of any such reference was merely an oversight.

## II.   A Guilty Plea to a Non-existent Crime Is Invalid

■ We decline to follow *Waits I* insofar as it may be read, as a result of its reversal on other grounds, as having continuing precedential value for the proposition that a guilty plea to a non-existent offense may be upheld as valid.   In our view, no legitimate distinction can be drawn between conviction of a non-existent offense after a trial, as in *Meyer*, and conviction after a guilty plea, as in this case and in *Waits I*.

■ In rejecting this distinction, we follow *People v. Wetter*, 985 P.2d 79 (Colo.App. 1999), in which a division of this court relied on Justice Vollack's special concurrence in *Waits II* and concluded that a defendant cannot be convicted of a non-existent crime even if the defendant consents to the conviction by pleading guilty. *See Waits II, supra,* at 1340 (Vollack, J., specially concurring)("pleading to a non-existent crime violates the constitutional requirement that the defendant be aware of the elements of the offense and that [s]he voluntarily and understandingly acknowledges [her] guilt").   Like

the division in *Wetter*, we conclude that the power to define crimes and prescribe punishments is vested exclusively in the General Assembly and may not be usurped by courts.

We are not persuaded by the People's attempt to distinguish *Wetter* on the ground that in that case the offense to which the defendant pleaded guilty, a variety of first degree assault, did not exist because it had been repealed prior to the date of the alleged incident forming the basis for the charge. We perceive no meaningful distinction between an offense that is non-existent because it has been repealed and one that is non-existent because it is a "logical impossibility." *See People v. Meyer, supra,* 952 P.2d at 776. In either case, the elements of the nonexistent offense, the authorized sentence, and the parole requirements are all undetermined.

Therefore, we conclude that defendant's conviction for "attempted felony murder" cannot stand.

■ The question thus becomes what is the appropriate remedy, and defendant argues that we should vacate only her conviction for attempted felony murder and remand with directions that she be allowed to plead guilty to an unspecified class two felony offense.   However, this request presupposes that the parties will be able to select a class two felony offense that is mutually acceptable.   While it may in fact be the case that the parties are able to reach such an agreement, we will not enter an order for relief of uncertain efficacy.

Accordingly, we conclude that, unless the prosecution elects to preserve only the aggravated robbery conviction, the parties must be restored to their initial positions by vacating the judgment of conviction in its entirety and reinstating the original charges so that the parties may negotiate or litigate anew. *See People v. Wetter, supra.*

On remand, the prosecution may elect to preserve the plea agreement with respect to the aggravated robbery conviction by foregoing reinstitution of the original felony murder charge.   Of course, we recognize that whether to elect this option is a determination to

718

be made by the prosecution in the exercise of its discretion.

The judgment of conviction for "attempted felony murder" is vacated and the cause is remanded for further proceedings. On remand, if the prosecution elects to preserve the aggravated robbery conviction, the conviction will stand affirmed, but the prosecution may not then pursue retrial of the original murder charge. If the prosecution elects not to preserve the aggravated robbery conviction, then such conviction shall stand vacated and all of the original charges will be reinstated.

NIETO and CRISWELL *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.