(163 P.3d 1257)
No. 96,314

RONNIE L. McPHERSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion
filed August 10, 2007.

*Michael S. Holland II* and *Michael S. Holland,* of Holland and Holland, of Russell, for appellant.

*Brenda J. Clary,* assistant district attorney, *Charles E. Branson,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREEN, P.J., ELLIOTT and HILL, JJ.

HILL, J.: In order to receive an anticipated two-thirds sentence reduction, Ronnie L. McPherson entered into a plea bargain and pled no contest to one count of attempted second-degree unintentional murder. This appeal presents the question whether McPherson can now collaterally attack his plea and sentence because our Supreme Court has decided that crime does not exist under current Kansas law. This calls into question the legal effect of en-

tering a plea. We recognize that plea bargaining is an important component of Kansas criminal prosecutions. Such agreements represent compromises between two adversaries where both the prosecution and defense exchange the uncertainties and rigors of trial for the certainty of a plea and the reasonable probability that a court will follow the sentencing guidelines. We hold that McPherson has forfeited his right to attack any underlying infirmity in this charge because the record reveals that McPherson, originally charged with attempted first-degree murder, a valid crime in Kansas, with counsel, voluntarily and intelligently entered into this beneficial agreement. We affirm.

## Prior Proceedings

In his criminal case, Ronnie L. McPherson was charged with kidnapping and attempted second-degree murder in March 1999. The victim, Kayla Riley, was shot in the upper thigh, lower abdomen, and right shoulder while running away from McPherson in the parking lot of her apartment.

Subsequently, the State amended the complaint and charged McPherson with attempted first-degree murder. The district court set over the trial to allow the State to receive its evidence back from the lab. McPherson did not object and waived his right to a speedy trial.

Then, before trial, the court attempted to hold a status conference. McPherson and his counsel appeared, but the State did not. After several phone calls by the judge's administrative assistant, and after the administrative assistant went to the district attorney's office to request its presence, the State still did not appear. Because the State did not appear, the court dismissed the complaint without prejudice.

Very soon thereafter, the State asked the court to reconsider. After hearing the State's explanation, the court granted reinstatement of the case over the defendant's objections. After reinstating the complaint, the court issued a summons. McPherson failed to appear, and the court issued a bench warrant. McPherson was arrested in Oklahoma, waived extradition, and returned to Kansas in late October 1999.

Ultimately, the parties reached an agreement. In January 2000, McPherson pled no contest to one count of attempted second-degree unintentional murder and one count of kidnapping. Before accepting McPherson's no contest plea, the court inquired extensively of McPherson in order to determine whether he had made a knowing and voluntary plea. Specifically the district court asked McPherson if he understood he was waiving any and all defenses to the charges against him. McPherson acknowledged that he understood. Additionally, McPherson stipulated to the State's proffer of a factual basis for a finding of guilt by using the testimony of witnesses from the preliminary hearing. McPherson also stipulated that the victim would testify that he was the shooter. The court then found that McPherson entered his plea knowingly and voluntarily and that there was a factual basis to support a finding of guilt.

The court imposed the aggravated presumptive sentences for a severity level 3 person felony and a severity level 4 person felony. Based on McPherson's criminal history score of H, the aggravated presumptive sentence for kidnapping was 59 months. Using a criminal history score of I for the attempted second-degree unintentional murder, the court sentenced McPherson to the aggravated presumptive sentence of 43 months. McPherson did not appeal his plea or sentence.

In July 2001, McPherson moved to withdraw his plea, claiming it was manifestly unjust and it violated due process for the court to reinstate the charges and hold him in jail without informing him of the charges against him. The court denied the motion after concluding McPherson had waived any jurisdictional problems about his arrest by waiving extradition and by making a knowing and voluntary plea. McPherson filed a notice of appeal and had appointed counsel but later dismissed his appeal.

But, prior to dismissing his appeal, McPherson filed a K.S.A. 60-1507 motion pro se. In the motion, McPherson challenged the district court's jurisdiction to reconsider the dismissal of his criminal case or reinstate the case after the dismissal. The court summarily denied the motion. McPherson filed a notice of appeal but never docketed the appeal.

Then, on May 21, 2004, McPherson's counsel filed a K.S.A. 60-1507 motion. In this motion, McPherson requested that his convictions be vacated because his due process rights were violated when he was convicted and sentenced for a nonexistent crime. McPherson also alleged that trial counsel was ineffective for failing to challenge the district court's personal jurisdiction over him; failing to raise speedy trial issues; and failing to be prepared for trial.

The State rebutted, contending that McPherson was not entitled to relief because this was an impermissible successive motion; that he had failed to previously seek relief through a direct appeal; and that the issues raised in his motion to withdraw plea, which McPherson voluntarily dismissed, were therefore moot in this K.S.A. 60-1507 motion. The court held an evidentiary hearing. McPherson was the only witness that testified at the hearing.

After due consideration, the court denied McPherson's motion, holding that because McPherson was originally charged with a valid crime and benefitted from a favorable plea agreement, his plea was acceptable. The court also concluded that McPherson forfeited any challenges to the infirmity of the charge by entering a knowing and voluntary plea. The court denied McPherson's allegations of ineffective assistance of trial counsel after concluding that the K.S.A. 60-1507 motion was successive; that the district court had jurisdiction to reconsider its ruling dismissing the case prior to an appeal being docketed; that his trial was timely because it was held within 180 days as required by statute; and that he had failed to show that his plea was coerced.

In this appeal, McPherson argues that the court did not have jurisdiction to accept a plea to a nonexistent crime, attempted second-degree unintentional murder. He also argues that his sentence is illegal because Kansas does not recognize attempted second-degree unintentional murder and therefore no statute could specify a penalty for an unrecognized crime. McPherson also complains that his trial counsel was ineffective for failing to challenge the district court's jurisdiction to reconsider its order of dismissal.

*Scope of Review*

When dealing with the denial of a K.S.A. 60-1507 motion after an evidentiary hearing in the district court, appellate courts employ

a two-part review. First, the appellate court reviews the factual findings of the district court for substantial competent evidence and, second, determines whether those findings are legally sufficient to support its conclusions of law. Ultimately, the denial of a K.S.A. 60-1507 motion involves a legal question subject to unlimited appellate review. *Drach v. Bruce*, 281 Kan. 1058, 1063, 136 P.3d 390 (2006), *cert. denied* 127 S. Ct. 1829 (2007).

*Analysis*

We focus on five areas of concern in this appeal. (1) *Effect of plea.* Here, we deal with the effect of entering a plea agreement and making a plea to what some courts refer to as a hypothetical crime. (2) *Sentence legality.* In this section we examine the sentence that was imposed. (3) *Successive motion.* Because this was McPherson's second K.S.A. 60-1507 motion, we must decide if it is barred by law. (4) *Waiver of defects.* We must answer whether McPherson waived all procedural defects by entering his plea. (5) *Effective trial counsel.* Finally, looking at the record we must decide if trial counsel's performance satisfied constitutional requirements.

*Effect of Plea*

McPherson argues that a defendant cannot plead to a nonexistent crime under Kansas law. To the contrary, the State argues that a ruling by our court in *Spencer v. State*, 24 Kan. App. 2d 125, 942 P.2d 646 (1997), *aff'd on other grounds* 264 Kan. 4, 954 P.2d 1088 (1998), permits such a practice. In reply, McPherson contends that the Court of Appeals' rationale is suspect based on the Supreme Court's opinion affirming the case.

It is undisputed that our Kansas Supreme Court does not recognize attempted second-degree unintentional murder as a crime. In *State v. Shannon*, 258 Kan. 425, 429, 905 P.2d 649 (1995), the court held that it is logically impossible for a person to have the specific intent to commit an unintentional killing. Here, McPherson pled no contest to a count of attempted second-degree unintentional murder.

In *Spencer*, citing a prior ruling of this court, a panel of our court thought that attempted aggravated assault was not a crime. Going further, *Spencer* held that a defendant is permitted to plead to a nonexistent crime as part of a plea agreement so long as the defendant (1) was initially brought into court on a valid pleading; (2) received a beneficial plea agreement; and (3) voluntarily and knowingly entered into the plea agreement. *Spencer v. State*, 24 Kan. App. 2d at 129.

On review, the Supreme Court in *Spencer* held that Spencer's crime did exist when he committed it, and thus he did not plead to a nonexistent crime. 264 Kan. at 5-6, 8. The Supreme Court did not overrule *Spencer* or disapprove its analysis.

The court dealt with a similar issue in *Easterwood v. State*, 273 Kan. 361, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002). In *Easterwood*, the movant argued that his conviction should be overturned because a recent Supreme Court case held that the felony murder rule did not apply when another criminal participant was killed during the crime by the lawful act of a police officer. The court rejected his argument by holding that Easterwood, who knowingly waived the right and opportunity to challenge his conviction at trial or through a direct appeal and pled guilty in order to obtain a favorable plea agreement, could not collaterally attack his conviction in a K.S.A. 60-1507 motion. 273 Kan. 361, Syl.

The *Easterwood* court acknowledged that it was troubled that the resolution of the case could depend on whether or not Easterwood pled guilty to a crime on a theory that the court recently concluded did not exist under Kansas' felony murder statute. The court acknowledged that the Court of Appeals had held in *Spencer* that a defendant could plead guilty to a nonexistent crime and that the Supreme Court had not considered the issue on review because it had held the crime existed when Spencer committed it.

Instead, the *Easterwood* court focused on the effect of a plea. In its analysis, the court pointed out that the United States Supreme Court upheld a no contest plea in which the defendant professed innocence because the plea was made knowingly and voluntarily and was supported by a strong factual basis. When checked by the courts, no contest pleas allow a professed innocent

person to avoid the uncertainties of trial and control the resolution of the case. 273 Kan. at 381-82 (citing *North Carolina v. Alford,* 400 U.S. 25, 38, 27 L. Ed. 2d 162, 91 S. Ct. 160 [1970]). The court affirmed Easterwood's convictions and refused to allow him to challenge a voluntary and knowing plea based on a later favorable ruling, concluding that Easterwood invited the error in order to receive a favorable plea bargain. 273 Kan. at 383. Importantly, the Supreme Court did not reject or disapprove of the Court of Appeals' analysis in *Spencer.*

Other appellate courts have followed this line of thought. In Illinois, the appellate court held that a defendant's plea of guilty to a nonexistent crime is not unlawful if the defendant receives a benefit. *People v. Myrieckes,* 315 Ill. App. 3d 478, 485, 734 N.E.2d 188 (2000). The New York, Court of Appeals ruled that a defendant may plead guilty to a hypothetical crime. *People v. Keizer,* 100 N.Y.3d 114, 118 n.2, 790 N.E.2d 1149, 760 N.Y.S.2d 720 (2003). In Michigan, the court ruled that a defendant may plead guilty to an attempt, even though a jury conviction might be improper. *People v. Genes,* 58 Mich. App. 108, 111, 227 N.W.2d 241 (1975). The Delaware Supreme Court decided in *Downer v. State,* 543 A.2d 309 (Del. 1988), that the trial court had jurisdiction to accept a defendant's guilty plea to a nonexistent crime where the defendant benefits from the plea agreement.

We also point out that some jurisdictions, ignoring the effect of a plea, have ruled the opposite way. For example, the Washington Supreme Court held that pleading guilty to a nonexistent offense does not meet the knowledge requirement for making a knowledgeable plea, and thus, defendants are entitled to collateral relief. *Personal Restraint of Thompson,* 141 Wash. 2d 712, 10 P.3d 380 (2000). In Colorado, the court rejected the distinction between a conviction of a nonexistent offense after a trial and a conviction of a nonexistent offense after a guilty plea, finding that the conviction is invalid. In *People v. Stephenson,* 30 P.3d 715 (Colo. App. 2001), the Colorado Court of Appeals held that the power to define crimes and prescribe punishments is vested exclusively in the general assembly and may not be usurped by courts.

Returning to Kansas law, we note that in addition to *Easterwood* and *Spencer*, the Supreme Court has rejected two opportunities to disapprove the Court of Appeals analysis in *Spencer*. Specifically, the Supreme Court has denied review on two other Court of Appeals cases that cited *Spencer* favorably for the proposition that a defendant may plead to a nonexistent crime. *State v. Luthi*, Case No. 91,409, unpublished opinion filed December 17, 2004, *rev. denied* 279 Kan. 1009 (2005); *Mills v. State*, Case No. 89,012, unpublished opinion filed October 17, 2003, *rev. denied* 277 Kan. 924 (2004).

In *Luthi*, this court affirmed the district court's denial of the defendant's motion to withdraw his *Alford* plea prior to sentencing. Despite the fact that he was arrested in a rural location, Luthi pled guilty to possession of methamphetamine with intent to sell, deliver, or distribute within 1,000 feet of a school. At the plea hearing, Luthi's counsel and Luthi admitted that Luthi was entering an *Alford* plea to reduce the penalties that he would face if he was convicted by a jury for the charged crimes. Before accepting the plea, the district court conducted a lengthy colloquy with Luthi, which the panel quoted in its opinion extensively. Prior to sentencing, Luthi changed his mind and moved to withdraw his plea, arguing that because the facts did not support the plea, good cause existed to grant his motion. The court rejected Luthi's claim in part by quoting *Spencer*, and held that a defendant could plead to a defective charge and that by doing so forfeited the right to subsequently challenge the plea. Slip op. at 15-16.

Similarly in *Mills*, the defendant challenged his guilty plea in a K.S.A. 60-1507 motion, claiming that district court erred in summarily denying his motion where the facts admitted at the plea hearing were insufficient to support the charge. The appellate court rejected his claim, in part, because although the facts did not align with every element of the crime, Kansas law permitted a defendant to plead guilty to a nonexistent crime. Slip op. at 4, 6.

The only case in Kansas that we could find that did not follow the *Spencer* rationale is *State v. Hampton*, Case No. 91,092, unpublished opinion filed Sept. 24, 2004, where this court reversed a district court's denial of a motion to withdraw a plea because it

was legally impossible for the defendant to have committed the crime. The panel distinguished *Spencer* because Hampton did not receive any benefit from the plea bargain. Slip op. at 13-14, 16.

Factually, we must conclude that the three requirements of *Spencer* are met here. First, McPherson was originally charged with attempted intentional second-degree murder; a valid crime under K.S.A. 1998 Supp. 21-3402(a) and then through amendment before trial with attempted first-degree murder, another valid crime. See K.S.A. 21-3401(a).

Second, McPherson pled no contest in order to receive the benefit of a favorable plea bargain. At the time of the plea, McPherson was charged with attempted first-degree murder, which was a severity level 1 person felony. See K.S.A. 21-3301(c); K.S.A. 21-3401. Kidnapping is a severity level 3 person felony. K.S.A. 21-3420. Based on McPherson's criminal history score of H, his presumptive sentence would have been 232, 220, or 208 months for attempted first-degree murder plus 51, 49, or 46 months for kidnapping. See K.S.A. 1998 Supp. 21-4704. Combined, McPherson faced a maximum sentence of 283 months.

Using the statutory formula provided in the attempt statute, attempted second-degree unintentional murder would be a severity level 4 person felony. See K.S.A. 21-3301(c) ("An attempt to commit any other nondrug felony shall be ranked on the nondrug scale at two severity levels below the appropriate level for the underlying or completed crime."); K.S.A. 1998 Supp. 21-3402. Under this statutory formula, McPherson was sentenced to 102 months. McPherson cut his sentence by nearly two-thirds by making this plea agreement.

Third, McPherson made a knowing and voluntary plea. McPherson makes no challenge to whether his plea was knowing and voluntary. Moreover, the record discloses a lengthy colloquy between the court and McPherson about what he understood and what he was waiving, that complied with procedural due process. See *State v. Moody*, 282 Kan. 181, 194, 144 P.3d 612 (2006) (noting K.S.A. 22-3210 embodies due process requirements articulated in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 [1969]).

Although the practice of permitting plea agreements such as this one to stand may seem illogical at first glance, such agreements serve a legitimate purpose. Compromises have long been permitted by our courts. Criminal cases are resolved by plea bargains virtually every day. As long as due process requirements are met and the bargain is beneficial to the defendant that defendant cannot later validly collaterally attack either the plea or bargained-for sentence. To paraphrase the *Spencer* court, if a defendant enters into a beneficial plea agreement voluntarily and intelligently, he or she forfeits the right to attack the underlying infirmity in the charge to which he or she pled. 24 Kan. App. 2d at 129.

We conclude that McPherson made a knowing and voluntary plea to receive a favorable plea bargain. He traded the possibility of a sentence of almost 300 months for the certainty of a 100-month sentence. The court did not err by denying his motion.

*Sentence Legality*

Appellate courts have unlimited review over the interpretation of sentencing statutes. Sentencing statutes should be construed in favor of the accused with ordinary words given their ordinary meaning. The interpretation must be reasonable and sensible to implement legislative intent. *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005). A sentence is illegal under K.S.A. 22-3504(1) if it imposed by a court without jurisdiction, does not conform to the statutory provision, or is ambiguous. *State v. Gayden*, 281 Kan. 290, 291, 130 P.3d 108 (2006). An illegal sentence may be challenged at any time. K.S.A. 22-3504(1).

Using *State v. McLaren*, 14 Kan. App. 2d 449, 793 P.2d 763 (1990), McPherson attempts to persuade us that the district court imposed an illegal sentence by creating a sentence for a crime that is not defined by statute and that because he was illegally sentenced, his conviction must be vacated. McLaren originally pled guilty to felony theft. When the felony theft occurred, it was ranked as a class D felony. However, between the commission of the crime and sentencing, the legislature changed felony theft to a class E felony. The district court sentenced McLaren for an E felony. This court concluded that the district court was without the authority

to reduce the severity level of the crime specified in the statute when the crime occurred and held the sentence imposed was illegal. Because the sentence imposed was illegal, the court reversed the district court's denial of McLaren's motion to withdraw his plea and directed the court to grant the motion and remanded the case for further proceedings. 14 Kan. App. 2d at 452.

The *McLaren* ruling is distinguishable from this case. In *McLaren*, the district court used a severity level that was inapplicable when the defendant committed the crime. In this case, the court followed the statutory formula for determining the proper severity level for an attempted crime. K.S.A. 21-3301(c) provides: "An attempt to commit an off-grid felony shall be ranked at nondrug severity level 1. An attempt to commit any other nondrug felony shall be ranked on the nondrug scale at two severity levels below the appropriate level for the underlying or completed crime." Unintentional second-degree murder is a severity level 2 felony. K.S.A. 21-3402. The district court ranked attempted second-degree unintentional murder two severity levels below the completed crime for sentencing purposes. Thus, the district court followed the statutory formula and did not impose an illegal sentence. There is no reversible error here.

*Successive Motion*

K.S.A. 60-1507(c) provides that a sentencing court is not required to entertain a second or successive K.S.A. 60-1507 motion that raises the same or substantially the same issues as a previous motion that was decided on the merits. See Supreme Court Rule 183(d) (2006 Kan. Ct. R. Annot. 227). Unless the movant demonstrates exceptional circumstances or the sentencing court accepts the motion to serve the ends of justice, the court may dismiss a successive motion on the ground its use constitutes an abuse of remedy. *Woodberry v. State*, 33 Kan. App. 2d 171, 174-75, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004). Exceptional circumstances include unusual events or intervening changes in the law that prevented the movant from raising all possible trial errors in the first post-conviction proceeding. 33 Kan. App. 2d at 175.

McPherson has raised his jurisdictional claim twice before. First, in his motion to withdraw his plea, McPherson claimed it was manifestly unjust to allow him to plead no contest in a court which could not have had jurisdiction over him after it had dismissed and then illegally reinstated the criminal complaint. McPherson appealed but then voluntarily dismissed the appeal.

McPherson raised the jurisdiction issue again in a pro se K.S.A. 60-1507 motion that the district court summarily denied. Although he filed a notice of appeal, the appeal was never perfected. Twice before the issue was decided on the merits adversely to McPherson. Furthermore, he has made no showing of any exceptional circumstances concerning this case. Thus, the current motion is successive and McPherson's jurisdictional argument must be dismissed.

### Waiver of Defects

McPherson claims that his trial counsel was ineffective for failing to challenge jurisdiction by arguing that K.S.A. 2006 Supp. 22-3602(d) required the State to appeal the dismissal of charges or refile the complaint. McPherson seeks support from *State v. Zimmerman & Schmidt*, 233 Kan. 151, 660 P.2d 960 (1983). *Zimmerman* does rule that a dismissal is a final order; it is a final order for appellate purposes. In *Zimmerman*, the defendants challenged the jurisdiction of the appellate court to hear the case. *Zimmerman* did not address whether the district court maintained jurisdiction to reconsider an order that was not yet final.

The district court retains jurisdiction over a case until its order becomes final. *Sanders v. City of Kansas City*, 18 Kan. App. 2d 688, 692, 858 P.2d 833, *rev. denied* 253 Kan. 860 (1993), *cert. denied* 511 U.S. 1052 (1994) ("In Kansas, the district court retains jurisdiction until an appeal is docketed with the appellate court.").

K.S.A. 60-259(f) provides that a district court may modify any final order upon a motion to alter or amend judgment filed within 10 days after the entry of judgment. This court has held that K.S.A. 60-259(f) applies in criminal cases in the absence of a specific statute to the contrary. See *State v. Marks*, 14 Kan. App. 2d 594, Syl. ¶ 2, 796 P.2d 174, *rev. denied* 247 Kan. 706 (1990). Although

McPherson claims that the only remedy available for a dismissal of a complaint is for the State to refile the charges or appeal the dismissal, he cites a statute that deals with appellate jurisdiction. Therefore, the plain language of K.S.A. 22-3602(d) does not foreclose the State from exercising other posttrial procedural motions.

In this case, the State filed its motion to reconsider dismissal within 10 days of the dismissal. Defense counsel was notified and appeared at the hearing. The district court found good cause to set aside the order over defense counsel's objections and reinstated the case. Because the motion was filed before the time for appeal passed, the district court retained jurisdiction to correct the defect until the order became final.

Going further, we must point out that both Kansas law and United States Supreme Court case law recognize the defendant's ability to waive procedural defects by making a knowing and voluntary plea.

"Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. . . . Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver." K.S.A. 22-3208(3).

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court has no power to enter the conviction or impose the sentence." *United States v. Broce*, 488 U.S. 563, 569, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989).

The *Broce* ruling has been adopted in Kansas. See *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006). Because McPherson's appeal raises a procedural defect rather than a jurisdictional defect, he waived his complaint by pleading no contest.

His appeal must be denied on this point.

*Effective Trial Counsel*

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law requiring de novo review. The defendant must establish two factors to successfully prove that counsel's assistance was so defective as to require reversal of a conviction. First, the defendant must show that counsel made errors so serious that his or her performance was less than that guaranteed to the defendant by the Sixth Amendment to the United States Constitution. Second, the defendant must demonstrate that counsel's errors deprived the defendant of a fair trial. *State v. Mathis*, 281 Kan. 99, 109-10, 130 P.3d 14 (2006).

" 'Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation omitted.] To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. [Citation omitted.]' [Citation omitted.]" 281 Kan. at 110.

We see no errors in this record that lead us to believe that trial counsel's performance fell below an appropriate standard. Even though McPherson alleges that trial counsel erred by not challenging the district court's jurisdiction over McPherson, the record indicates that defense counsel objected to the State's motion to reconsider. McPherson has not alleged that defense counsel failed to file or perfect an appeal at McPherson's request challenging jurisdiction. Nor has McPherson alleged that counsel advised him to enter a plea even though he had a meritorious defense. In short, the record belies McPherson's claimed error. The first requirement to make a successful claim of ineffective assistance of counsel has not been met here.

Affirmed.