NOT DESIGNATED FOR PUBLICATION

No. 122,432

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN DARION SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed September 3, 2021. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Jose V. Guerra*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

PER CURIAM: Shawn Darion Smith pled nolo contendere, also known as no contest, to attempted traffic in contraband in a correctional institution. In this appeal, Smith argues the district court abused its discretion by denying his postsentence motion to withdraw his plea. In particular, Smith contends the contraband statute was unconstitutionally applied to him because he did not receive adequate notice that a cell phone was considered contraband. However, because Smith knowingly pled no contest to the charge of attempted traffic in contraband in a correctional institution, Smith waived any factual, as-applied challenges to his conviction. Moreover, Smith's appeal lacks merit

1

because he received adequate notice that a cell phone was contraband, as it was explained in the Department of Corrections Inmate Rulebook. Thus, we affirm the district court's denial of Smith's motion to withdraw plea.

FACTS

On May 20, 2014, the State charged Smith with one count of traffic in contraband in a correctional institution, pursuant to K.S.A. 2012 Supp. 21-5914(a)(1) and (b)(1), for possessing a cell phone at Lansing Correctional Facility (LCF) without the consent of the prison administrator. Nearly a year later, the State amended the complaint to attempt to commit the same charge but pursuant to K.S.A. 2012 Supp. 21-5914(a)(3) and (b)(1) and K.S.A. 2012 Supp. 21-5301. The same day, as part of a plea agreement with the State, Smith pled no contest to attempted traffic in contraband in a correctional institution, a level 8 nonperson felony.

Prior to his original sentencing on November 6, 2015, Smith moved to withdraw his plea, but the district court denied his motion. Thereafter, Smith appealed both the district court's denial of his motion to withdraw his plea and the sentence imposed. On July 21, 2017, another panel of this court affirmed the denial of Smith's motion to withdraw his plea but remanded for resentencing based on an error in Smith's criminal history score. *State v. Smith*, No. 115,830, 2017 WL 3113188, at *4-5 (Kan. App. 2017) (unpublished decision). On April 11, 2018, the district court resentenced Smith to 17 months in prison.

A year later, on April 9, 2019, Smith filed another motion to withdraw his plea. A month later, Smith supplemented his motion. Relying on *State v. Taylor*, 54 Kan. App. 2d 394, 401 P.3d 632 (2017), Smith argued that the contraband statute was unconstitutionally applied to him because he did not receive adequate notice that a cell phone was considered contraband. The district court initially granted Smith's motion, but

in response to a motion to reconsider by the State, it reversed course and denied Smith's motion to withdraw his plea.

During the hearing on the State's motion to reconsider, the district court made the following relevant conclusions.

"The Court has considered Kansas Administrative Regulation 44-12-211 and Kansas Administrative Regulation 44-12-902 and finds that when they are read in conjunction, they provide adequate constitutional notice that possession by an inmate of a cell phone at the Lansing Correctional Facility is a violation of the possession of contraband statute.

. . . .

"The Court finds that K.A.R. 44-12-211 and K.A.R. 44-12-902, when read in conjunction, provide enough notice that an inmate at the Lansing Correctional Facility would be in violation of K.S.A. 21-5914, trafficking in contraband, and K.S.A. 21-5301, the attempt statute."

Smith timely appeals.

ANALYSIS

On appeal, Smith argues that the district court abused its discretion by denying his postsentence motion to withdraw his plea. Specifically, Smith repeats his argument that the contraband statute was unconstitutionally applied to him because he did not receive adequate notice that a cell phone was considered contraband.

Generally, we review a district court's decision to deny a motion to withdraw a guilty or no contest plea for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323

3

(2020). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). We are bound by the district court's credibility determinations and may not reweigh the evidence presented during the hearing on the motion. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011).

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2020 Supp. 22-3210(d)(2). In determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing, we follow three factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). While these factors establish "'viable benchmarks for judicial discretion,' a court should not ignore other factors that might exist in a particular case." *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

A.    *Effect of Smith's No Contest Plea*

To begin, the State argues that we need not reach the merits of Smith's constitutional due process argument because he pled no contest to attempted traffic in contraband in a correctional institution. According to the State, Smith's plea results in his waiver of any factual challenges to his conviction. We agree.

Smith argues he did not receive sufficient notice that a cell phone was considered contraband at LCF and that his due process rights were violated by his conviction. Specifically, Smith argues the Inmate Rulebook was too complicated to provide the

4

"individualized notice" required by *Taylor*, 54 Kan. App. 2d at 426. As presented, Smith's constitutional argument is an as-applied rather than a facial challenge to the traffic in contraband in a correctional institution or care and treatment facility statute, K.S.A. 2012 Supp. 21-5914. Such challenges are, necessarily, fact-specific challenges. *Taylor*, 54 Kan. App. 2d at 430.

However, "[a] plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime." K.S.A. 2020 Supp. 22-3208(4). Similarly,

> "a plea of nolo contendere is just like any other conviction. A plea of nolo contendere, when accepted by the court, becomes an implied confession of guilt and, for purposes of the case, equivalent to a plea of guilty . . . . *Like a guilty plea, entry of a nolo contendere plea results in the accused waiving all formal defects which are nonjurisdictional*." (Emphasis added.) *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, Syl. ¶ 1, 860 P.2d 51 (1993).

As explained by the Kansas Supreme Court, this waiver even includes "'defects [that] may reach constitutional dimensions.'" *Edgar*, 281 Kan. at 39-40 (citing examples). The law is clear: "[I]f a defendant enters into a beneficial plea agreement voluntarily and intelligently, he or she forfeits the right to attack the underlying infirmity in the charge to which he or she pled." *McPherson v. State*, 38 Kan. App. 2d 276, 285, 163 P.3d 1257 (2007).

Smith does not argue that either the crime charged or the crime he pled no contest to was invalid. Indeed, both are valid crimes under Kansas law, as set forth in K.S.A. 2020 Supp. 21-5914 and K.S.A. 2020 Supp. 21-5301, respectively. In addition, Smith does not argue that he was misled, coerced, mistreated, or unfairly taken advantage of

5

when entering his plea. Further, Smith also does not argue that his plea was not fairly or not understandingly made. See *Frazier*, 311 Kan. at 381; *Edgar*, 281 Kan. at 36. In fact, at the plea hearing, Smith testified he understood the provisions of the plea agreement and the consequences of entering his plea; he had not been threatened or coerced into making his plea; and he was satisfied with the work of his attorney. Finally, Smith does not deny that he received a substantial benefit as a result of entering his plea, reducing the charge to an attempt crime and lowering his potential sentence two severity levels below that of the completed crime. See K.S.A. 2020 Supp. 21-5301(c)(1). As a result, because Smith voluntarily entered into a beneficial plea agreement, we conclude that Smith forfeited his right to raise his fact-specific, as-applied statutory challenge. See *McPherson*, 38 Kan. App. 2d at 285.

B.      *As-Applied Constitutional Challenge*

But even assuming Smith did not waive his as-applied constitutional challenge to the traffic in contraband in a correctional institution statute, we also conclude the district court did not abuse its discretion in denying Smith's motion to withdraw his plea.

"[A] statute's constitutionality is a question of law subject to unlimited review." *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018). Similarly, we exercise de novo review when considering whether a defendant's due process rights were violated. *State v. Smith-Parker*, 301 Kan. 132, 165, 340 P.3d 485 (2014).

It is well established that the language in a statute must convey

"a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its

6

meaning and differ as to its application is violative of due process." *State v. Watson*, 273 Kan. 426, Syl. ¶ 3, 44 P.3d 357 (2002).

Nevertheless, "[t]he Constitution 'does not require impossible standards'; it is satisfied by statutory language which 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Hearn v. City of Overland Park*, 244 Kan. 638, 640, 772 P.2d 758 (1989).

Smith was convicted of attempted traffic in contraband in a correctional institution, in violation of K.S.A 2012 Supp. 21-5914(a)(3). That statutory section states as follows:

> "(a) Traffic in contraband in a correctional institution or care and treatment facility is, without the consent of the administrator of the correctional institution or care and treatment facility:
>
> . . . .
>
> "(3) any unauthorized possession of any item while in any correctional institution or care and treatment facility."

Notably, neither "contraband" nor "any item" is defined by the statute. Instead, the Legislature placed correctional institution administrators in exclusive control of deciding what items are deemed contraband inside the correctional institution. See *Taylor*, 54 Kan. App. 2d at 418. Specifically, the Kansas Supreme Court has held that "for the trafficking in contraband statute to be applied in a constitutionally permissible manner, administrators must provide people entering a correctional institution notice of what conduct they have deemed prohibited under the trafficking in contraband statute. 273 Kan. at 434-35." *Taylor*, 54 Kan. App. 2d at 428-29. In this vein, K.S.A. 75-5210(f) and (g) require that the secretary of corrections "adopt rules and regulations for the maintenance of good order and discipline in the correctional institutions" and that "[a] copy of the rules and regulations . . . shall be provided to each inmate."

In *Taylor*, a panel of this court concluded that a new inmate to a Kansas jail did not receive adequate notice regarding what was considered contraband. 54 Kan. App. 2d at 431. But the panel did so under circumstances very different than Smith's case. In *Taylor*, deputies found marijuana on an inmate while he was being booked for the first time at the jail on another charge. As a result, the State charged the inmate with trafficking in contraband, and he was convicted under K.S.A. 2014 Supp. 21-5914. On appeal, the State conceded that the inmate had not received any notice regarding the jail's contraband's policies prior to his booking and when the marijuana was discovered. Finding a complete lack of notice, the panel concluded that the trafficking in contraband statute was applied to the inmate in an unconstitutional manner and vacated the inmate's sentence. 54 Kan. App. 2d at 431.

In sharp contrast to the inmate in *Taylor*, who was found with contraband at the time of his initial booking into the jail, Smith was a well-established inmate at LCF when he was found with a cell phone. Additionally, unlike the inmate in *Taylor* who received no notice whatsoever of the jail's contraband policies, Smith admits that he had previously received a copy of an Inmate Rulebook, which contained Kansas Administrative Regulations (K.A.R.) Articles 44-12 through 44-16.

K.A.R. 44-12-902(a)(1) defines "contraband" as follows:

"(a) Contraband shall be defined as . . . the following:

"(1) Any item, or any ingredient or part of or instructions for the creation of the item, that is not issued by the department of corrections, sold through the facility canteen, or specifically authorized or permitted by order of the secretary of corrections or warden for use or possession in designated areas of the facility."

Further, K.A.R. 44-12-211(b) prohibits inmate possession of cellphones as follows:

>     "(b) Except as specified in subsection (a), the use or possession of any telephone or any communication device by an inmate without the permission of the warden or warden's designee shall be prohibited."

The district court concluded that these regulations, both of which were included in the Inmate Rulebook provided to Smith, "when read in conjunction with each other, provided notice" that a cell phone was considered contraband by prison administrators. Nevertheless, Smith tries to persuade us that the "77-page Inmate Rule book" does not "provide[] notice to ordinary people what conduct would constitute the crime of trafficking in contraband in the prison" because "the entire handbook consists of only administrative regulations."

We note that Smith, in so arguing, does not contend that the Regulations fail to explain that possessing a cell phone without permission was prohibited conduct at LCF. Further, as already discussed, we note that Smith does not argue that he failed to receive a copy of the regulations, as found in the Inmate Rulebook, prior to his being found with a cellphone. Instead, Smith's argument appears much more limited. Specifically, Smith argues that the format of the Inmate Rulebook was too complicated to provide him "individualized" notice that a cell phone was considered unauthorized contraband at LCF. We disagree.

The law requires the Secretary of Corrections to promulgate rules defining what is considered contraband in Kansas correctional institutions and that a copy of those rules be provided to inmates. K.S.A. 75-5210(f), (g). Both requirements have been satisfied here. As a result, Smith's due process rights were not violated. Therefore, we conclude

9

that the district court did not abuse its discretion when concluding that Smith had not established manifest injustice to justify the postsentence withdrawal of his plea.

Affirmed.