No. 76,110

STATE OF KANSAS, *Appellant*, v. MATTHEW G. WILSON, SR.,
*Appellee.*

933 P.2d 696

Opinion filed
March 7, 1997.

*John L. Swarts III*, county attorney, and *Carla J. Stovall*, attorney general, were
on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State of Kansas appeals on a question reserved
from a judgment of the district court of Bourbon County granting
defendant's motion for judgment of acquittal after presentation of
the State's evidence on the charge of giving a worthless check in
violation of K.S.A. 21-3707. The State claims that the evidence
presented to the district court established a prima facie case of
intent to defraud.

Between December 2, 1994, and December 27, 1994, Matthew G. Wilson, Sr., issued five checks totalling $880.00 to a Consumers grocery store in Fort Scott which were returned to the store marked insufficient funds. On December 31, 1994, notice of all five insufficient fund checks was mailed to Wilson by certified mail. Wilson's daughter signed for the certified letter on January 3, 1995. On February 27, 1995, the State filed a complaint/information charging Wilson with five counts of misdemeanor worthless checks in violation of K.S.A. 21-3707. On January 16, 1996, Wilson was tried on the five counts alleged in the information.

At the close of the State's evidence, Wilson moved for judgment of acquittal on the ground that the State had failed to establish a prima facie case of intent to defraud. On January 16, 1996, the trial judge filed a journal entry granting defendant's motion for judgment of acquittal, finding that the State failed to present a prima facie case of intent to defraud.

After the trial court granted the motion for judgment of acquittal, the State did not set out the question reserved, but merely stated, "Reserve the question, Judge?" The State now frames the question reserved in four parts:

"1. What, under K.S.A. 21-3707, establishes a prima facie case.

"2. Under K.S.A. 21-3707, may mailing of notice of insufficient funds check be sent to the making, issuing, etc. person by a writing delivered in any prepaid manner or other regular U.S. Mail, including certified letter, unrestricted delivery, postage prepaid, when receipt of notice is confirmed by oral and personal contact between the maker, issuer, etc. and the drawee, if the presumption of K.S.A. 21-3707(b) is not sought?

"3. Does K.S.A. 21-3707, require a receiver of a worthless check, if the receiver gives oral notice to the maker, drawer, issuer or deliverer of an insufficient funds check, to wait seven (7) days before the receiver may turn the check over to a county attorney for prosecution and, further, does the statute require a seven (7) day grace period (whether notice was mailed restricted, mailed in any other manner, or orally given) in which a maker, drawer, issuer or deliverer of an insufficient funds check may pick up such person's worthless check without risking prosecution?

"4. Under the facts of this case was there any evidence on the issue of intent to defraud presented by the state to establish an intent to defraud, or must the state rely only on the presumption of receipt of notice and intent to defraud gained only as set out in K.S.A. 21-3707(b), or may an intent to defraud be shown through

any relevant, competent, admissible evidence, such as was presented by the state herein?'"

Under K.S.A. 22-3602(b), an appeal may be taken by the prosecution in a criminal trial as a matter of right after a final judgment in the district court in four situations: (1) from an order dismissing a complaint, information, or indictment; (2) from an order of the district court arresting judgment; (3) upon a question reserved by the prosecution; and (4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime. A judgment of acquittal entered by the trial court on a motion filed by the defendant at the close of the State's evidence is final and not appealable by the State, except in those special circumstances when the question reserved by the State is of statewide interest and is vital to a correct and uniform administration of the criminal law. *State v. Crozier*, 225 Kan. 120, 126, 587 P.2d 331 (1978); *State v. Glaze*, 200 Kan. 324, 325, 436 P.2d 377 (1968).

However, appeals on questions reserved by the prosecution in criminal actions will not be entertained merely to demonstrate whether errors have been committed by the trial court in its rulings adverse to the State. Such questions must be of statewide interest, and answers thereto must be vital to a correct and uniform administration of the criminal law. See *State v. Roderick*, 259 Kan. 107, Syl. ¶ 1, 911 P.2d 159 (1996).

In the present case, the sufficiency of the State's evidence to establish whether the State presented a prima facie case of intent to defraud pursuant to K.S.A. 21-3707 is not an issue of statewide interest, and an answer to such a question does not appear vital to a correct and uniform administration of the criminal law.

Appeal dismissed.