No. 77,566

CITY OF OVERLAND PARK, KANSAS, *Appellant*, v. STEVEN D. POVIRK, *Appellee.*

(941 P.2d 369)

Opinion filed May 30, 1997.

*Wayne E. Smith*, assistant city attorney, argued the cause, and *Kurt D. Maahs*, assistant city attorney, was with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

DAVIS, J.: This appeal comes before this court upon a question reserved. K.S.A. 22-3602(b)(3). During a de novo appeal from a municipal court conviction, at the close of the prosecution's case, the district court directed a verdict for the defendant because the municipal charge or citation had not been entered into evidence. We conclude there is no requirement to enter into evidence the complaint or citation issued against the defendant.

The defendant was tried and convicted in municipal court of failure to yield the right of way, in violation of Overland Park Municipal Code 12.04.064. He perfected an appeal to the district court. The record before the municipal court, including the original citation issued, was certified by the clerk of the municipal court and filed with the Johnson County District Court. K.S.A. 22-3609(3). There is no contention that the citation was in any way defective.

The matter proceeded to trial de novo in the district court. The prosecution presented testimony by Paula Volker and Overland Park Police Officer McNeely. Both witnesses identified the defendant as the driver of the vehicle that struck Volker. McNeely testified that the location of the accident was within the city limits of Overland Park. Volker detailed how she, a pedestrian, was struck by the defendant's car.

At the close of the prosecution's case, the defendant moved for a directed verdict because there had been no evidence of a traffic violation marked or submitted. The prosecution responded that the court may take judicial notice of its own file, that the citation is usually never offered into evidence, and that the citation is not an element of the offense. The district court agreed with the defendant and dismissed the case.

An appeal on a question reserved by the prosecution will not be entertained merely to demonstrate whether errors have been committed by the trial court. The question must be of statewide interest and vital to a correct and uniform administration of the criminal law. *State v. Wilson*, 261 Kan. 924 Syl. ¶ 3, 933 P.2d 696 (1997). We elect to hear this appeal because the question is one of statewide interest important to the correct and uniform administration of the criminal law.

The complaint is defined under the Kansas Code of Procedure for Municipal Courts as "a sworn written statement, or a written statement by a law enforcement officer, of the essential facts constituting a violation of the ordinance." K.S.A. 12-4113(g). The complaint is the jurisdictional instrument on which the defendant stands trial. *Carmichael v. State*, 255 Kan. 10, Syl. ¶ 4, 872 P.2d 240 (1994). K.S.A. 8-2108 requires that prosecution formally must be commenced by the filing of a complaint in the court having jurisdiction." See *State v. Donlay*, 253 Kan. 132, 136, 853 P.2d 680 (1993).

In this case, the district court had the original complaint before it, and there was no dispute that the complaint adequately set forth a municipal violation of failure to yield right away against the defendant. There is no requirement under Kansas law that a complaint or citation be admitted into evidence for the charge upon

which prosecution is being sought. The charge or complaint is provided to the defendant well before trial. The issue before the court upon trial is whether the prosecution has sustained its burden to prove the charge beyond a reasonable doubt.

The trial court erred by granting a directed verdict to the defendant at the close of the State's case on the basis that the complaint or citation had not been entered into evidence.

Appeal sustained.