(228 P.3d 1087)
No. 96,987

STATE OF KANSAS, *Appellee/Cross-appellant*, v. JUSTIN D. ELNICKI, *Appellant/Cross-appellee.*

Opinion filed April 8, 2010.

*Gerald Wells* and *Kevin P. Shepherd*, of Topeka, for appellant/cross-appellee.

*Jason E. Geier*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee/cross-appellant.

Before McAnany, P.J., Green and Malone, JJ.

McAnany, J.: Justin Elnicki was convicted of rape and aggravated criminal sodomy in 2002. The facts that led to Elnicki's convictions are detailed in the reported opinions in *State v. Elnicki*, 279 Kan. 47, 48-50, 105 P.3d 1222 (2005), and *State v. Elnicki*, 32 Kan. App. 2d 266, 80 P.3d 1190 (2003). We need not repeat them here, other than to note that the 19-year-old victim testified that after she accepted Elnicki's offer for a ride he forced her to engage in fellatio and sexual intercourse. Elnicki contended that the victim engaged in consensual oral sex and became angry when he refused to pay her for her services.

The Kansas Supreme Court reversed Elnicki's convictions because of the erroneous admission of a videotaped interrogation during which the detective repeatedly commented on Elnicki's credibility and because of prosecutorial misconduct in the State's closing argument. *Elnicki*, 279 Kan. 47. The case was remanded for a new trial.

While awaiting a second trial, Elnicki moved to dismiss based on a claimed violation of his statutory speedy trial rights after the mandate issued. His motion was denied. Elnicki was tried a second time. A further redacted version of Elnicki's videotaped interrogation was admitted into evidence. Elnicki was again convicted of rape, but acquitted of aggravated criminal sodomy.

Elnicki moved for a new trial and to recall jurors based on alleged juror misconduct. The district court found any juror misconduct was harmless, denied Elnicki's motion, and sentenced him to 618 months in prison. Elnicki appealed, raising the speedy trial issue, error in admission of the redacted videotape, and misconduct by jurors and by the prosecutor.

While Elnicki's appeal was pending before us, he moved for a remand to the district court pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), for a hearing on his claim that his counsel at his second trial was ineffective. This court granted El-

nicki's motion and remanded for a hearing pursuant to *Van Cleave.* Following that evidentiary hearing, the district court ordered a new trial, finding that Elnicki's counsel had been ineffective in failing to investigate and call new witnesses discovered after the first trial. The State has cross-appealed this ruling.

Thus, we have for review (1) the denial of Elnicki's speedy trial motion before his retrial, (2) the district court's order for a third trial based on Elnicki's counsel being ineffective at his second trial, and (3) claims of error arising during Elnicki's second trial.

## I. *Denial of Elnicki's Speedy Trial Motion Before His Second Trial*

Elnicki claims his statutory right to a speedy trial was violated when the State failed to bring him to trial within 90 days of the Supreme Court mandate following his first appeal. Elnicki contends K.S.A. 22-3402(1) was violated because the first continuance (from April 4, 2005, to June 20, 2005) was granted over his objection and should be charged to the State. See K.S.A. 22-3402(6). Because his June 20 trial date was more than 90 days after the mandate was filed with the district court on March 15, 2005, Elnicki claims the trial court erred in not dismissing the criminal charges against him. Elnicki also challenges the later continuances caused by the withdrawals of his various appointed counsel.

In resolving this issue our first task is to determine whether the factual basis for the district court's decision is supported by substantial competent evidence. Then we determine de novo whether those facts as a matter of law support the district court's legal conclusion. *State v. Vaughn,* 288 Kan. 140, Syl. ¶ 1, 200 P.3d 446 (2009).

On remand from the Supreme Court, the case was set for trial on April 4, 2005. At a hearing on March 31, 2005, the district court considered a motion to continue the April 4 trial date and, over Elnicki's objection, continued the trial to June 20, 2005. At a later hearing on Elnicki's motion to dismiss on speedy trial grounds, the prosecutor explained the background facts leading up to that March 31 hearing.

The prosecutor stated that when the Supreme Court's mandate was filed with the district court on March 15, 2005, ordering a new

trial, the State was unsuccessful in attempting to meet with Elnicki's trial counsel to schedule a date for the retrial. Accordingly, the State on its own scheduled the case for trial on April 4, 2005. The prosecutor asserted that he had contacted all the witnesses and was fully prepared to try the case on April 4. However, during the week before March 31, the prosecutor and Elnicki's counsel met the court in chambers to schedule a hearing to address the issue of the trial date. According to the prosecutor, Elnicki's counsel expressed to the court that she had conflicting trial settings that would make it impossible to try the case on April 4. When the prosecutor recounted these facts at the hearing on Elnicki's motion to dismiss, Elnicki's counsel did not disagree with the prosecutor's description of the events leading up to the March 31, 2005, hearing.

On March 31, 2005, the district court continued the trial to June 20, 2005, "over the objection of the defendant." The record of this hearing does not disclose whether Elnicki's objection was to the continuance itself or to the date selected by the court. The record does show, however, the trial court's finding, recorded in the appearance docket, that the continuance to June 20, 2005, was due to the court's busy calendar.

K.S.A. 22-3402 provides, in part:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5).

. . . .

"(5) The time for trial may be extended . . . for any of the following reasons:

. . . .

(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case fixed for trial by this section. Not more than one continuance of not more than 30 days may be ordered upon this ground.

"(6) In the event . . . a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided herein shall commence to run from . . . the date the mandate of the supreme court or court of appeals is filed in the district court."

Elnicki's April 4, 2005, retrial date clearly was within 90 days of the mandate. Prior to the scheduled retrial the prosecutor and defense counsel determined that the April 4 trial date was inconvenient for Elnicki's counsel. The next available date on the court's calendar was June 20, 2005, well within the permitted 30-day extension of the 90-day deadline. The appearance docket indicates that the court invoked the exception under K.S.A. 22-3402(5)(d) and cited the court's calendar for the delay. Though no formal journal entry was filed, the entry on the appearance docket is proper evidence of the court's ruling. See *State v. Kee*, 238 Kan. 342, 355, 711 P.2d 746 (1985); *State v. Rodriguez-Garcia,* 27 Kan. App. 2d 439, 441, 8 P.3d 3 (1999), *rev. denied* 269 Kan. 939 (2000). Setting the case for retrial on June 20, 2005, did not violate Elnicki's speedy trial rights. See *State v. Clements,* 244 Kan. 411, 414-15, 770 P.2d 447 (1989); *State v. Lawrence,* 38 Kan. App. 2d 473, 480, 167 P.3d 794, *rev. denied* 286 Kan. 1183 (2007).

Elnicki contends *Clements* and *Lawrence* are not valid after the Supreme Court's decision in *State v. Hines,* 269 Kan. 698, 7 P.3d 1237 (2000). However, the facts in *Hines* are not on point. Unlike in Elnicki's case, the continuance in *Hines* was not based on K.S.A. 22-3402(5)(d).

In *Hines,* defense counsel asked for a continuance over the defendant's objection. No mention was made of the speedy trial deadline. The State had at least 18 days left of the speedy trial period, but the trial was scheduled on a date after that time. The Supreme Court determined that the mere request for a continuance did not waive the right to speedy trial by the defendant and nothing in the record supported a finding that the court's docket precluded resetting the trial within the remaining 18-day period. 269 Kan. at 703-04. Unlike in *Hines,* the date for the new setting for Elnicki's trial was based on the unavailability of an earlier court date before expiration of the speedy trial period. *Hines* does not apply.

Elnicki also challenges the later continuances resulting from the withdrawal of his original attorney, Cindy Sewell. Trial was scheduled for June 20, 2005. On that date Sewell moved to withdraw because of a newly discovered conflict. Following a discussion between Elnicki and his counsel, the court granted the motion and

continued the case, charging the delay to Elnicki. The case was rescheduled for trial on September 12, 2005. Substitute counsel William Rork, and then substitute counsel Richard Lake, were both permitted to withdraw due to conflicts, leading to the appointment of attorney Richard Jones, who represented Elnicki at the September 2005 retrial.

Any delay caused by a change in defense counsel is properly chargeable to the defendant and does not count against the speedy trial deadline. *State v. Timley*, 255 Kan. 286, 294-96, 875 P.2d 242 (1994). Here, the failure of defense counsel to recognize the conflict between representing Elnicki and representing witness Lannas was not the fault of the State. The public defender's office was on notice of this potential conflict well before the scheduled trial date on June 20, 2005.

To summarize, the speedy trial clock began to run on March 15, 2005, the date the Supreme Court's mandate was filed with the district court. See K.S.A. 22-3402(6). The State had 90 days thereafter to retry Elnicki, or until June 13, 2005. On March 31, 2005, the trial was continued to June 20, 2005. That continuance was properly charged to Elnicki. The trial was rescheduled to June 20, 2005, because of the press of other cases on the court's calendar. This new trial date was within 30 days of the of the original 90-day deadline. See K.S.A. 22-3402(5)(d). Thereafter, the trial was continued due to conflicts of interest that were properly charged to Elnicki. The State was required to commence the trial by September 21, 2005, 90 days following the existing trial deadline, when the current trial setting was continued. See K.S.A. 22-3402(3); *Lawrence*, 38 Kan. App. 2d at 480. Elnicki's rescheduled trial commenced on September 12, 2005, within this 90-day time limit. Thus, the district court did not err in denying Elnicki's motion to dismiss.

II. *The State's Appeal From the* Van Cleave *Ruling While This Appeal Was Pending*

While Elnicki's appeal following his second trial was pending, this court remanded the matter to the district court for a *Van Cleave* hearing. The district court conducted a hearing on remand

and found that Elnicki's trial counsel's performance at the second trial was ineffective. The district court ordered a retrial. The State has appealed that ruling.

Elnicki asserts that this court lacks jurisdiction to consider the State's appeal. The State failed to file a reply brief responding to this argument. Whether we have jurisdiction to hear the State's appeal is a question of law over which we have unlimited review. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007).

The right to appeal is strictly statutory. Absent statutory authority for an appeal, an appellate court is obligated to dismiss. The only clue to the State's theory is found in the second notice of appeal, which references K.S.A. 22-3602(b) and K.S.A. 2009 Supp. 60-2102(a)(4). The State does not explain how these statutes confer jurisdiction. No mention is made of the issue in the State's brief, and the State has not contested the arguments to the contrary presented by Elnicki in his brief.

Pursuant to K.S.A. 22-3602(b), the State may only appeal from (1) a dismissal of a complaint or information; (2) an order arresting judgment; (3) a question reserved; or (4) "upon an order granting a new trial in any case . . . for crimes committed on or after July 1, 1993, in any case involving an off-grid crime." Options (1) and (2) clearly do not apply. Elnicki's crimes are not off-grid crimes, so option (4) does not apply. Given this limited menu of choices, it appears that the only possibility the State must be relying upon is the question reserved.

To appeal on a question reserved, the question must be of statewide interest and must be vital to a correct and uniform administration of the criminal law. *City of Overland Park v. Povirk;* 262 Kan. 531, 532, 941 P.2d 369 (1997). The district court's finding of ineffective assistance of counsel in this case does not present a question of statewide interest and has no impact on the correct and uniform administration of the criminal law throughout the state. Thus, K.S.A. 22-3602(b) does not provide jurisdiction for this appeal.

The State's notice of appeal also cites the civil appeal statute, K.S.A. 2009 Supp. 60-2102. The State does not explain how this statute applies. Proceedings pursuant to K.S.A. 60-1507 are civil in

nature. In *Rice v. State*, 37 Kan. App. 2d 456, 459, 154 P.3d 537, *rev. denied* 284 Kan. 946 (2007), the State claimed that a K.S.A. 60-1507 motion was successive because the movant had sought and obtained a remand under *Van Cleave* for a hearing on claims of ineffective assistance of counsel. This court found the *Van Cleave* hearing was "part and parcel of the direct criminal appeal" and, therefore, was not the equivalent of a motion under K.S.A. 60-1507. *Rice*, 37 Kan. App. 2d at 461. Similarly, the remand here for a *Van Cleave* hearing is part and parcel of Elnicki's direct criminal appeal and, therefore, the civil appeal statute does not apply.

We have no jurisdiction to consider the State's appeal. The State's appeal is dismissed.

### III. *Elnicki's Claims of Error During His Second Trial*

Following the district court's denial of Elnicki's motion to dismiss for violating his right to a speedy trial, Elnicki was retried on the rape and aggravated criminal sodomy charges. He was again convicted of rape and he now appeals various claimed errors in that second trial.

Because the district court ordered a third trial following the *Van Cleave* hearing and while this appeal has been pending, these claims of error in Elnicki's second trial are now moot. The only issue which is likely to reoccur is the propriety of admission of the redacted videotape of Elnicki's statements to the authorities, and that issue has not been adequately preserved for our review.

Before Elnicki's second trial the court ordered additional redactions from the videotape and overruled Elnicki's other objections. When the tape was offered at trial, defense counsel indicated he was not objecting, "[w]ith the understanding that all of the redactions are in accordance with what we have talked about." The record does not reflect that defense counsel made any objections during the playing of the videotape or immediately thereafter. The issue was not raised until Elnicki moved for a new trial.

Elnicki raised the issue in his claim of ineffective assistance of counsel at his retrial. However, at the *Van Cleave* hearing he failed to present any evidence regarding counsel's failure to ensure that the videotape was properly redacted. The district court found El-

nicki had abandoned this issue, and Elnicki has not appealed that ruling.

In order to preserve a claim that the district court erred in admitting the redacted videotape at the second trial, Elnicki had to make a contemporaneous objection, pursuant to K.S.A. 60-404. See *State v. Richmond*, 289 Kan. 419, 428-29, 212 P.3d 165 (2009); *State v. King*, 288 Kan. 333, 348, 204 P.3d 585 (2009). Because Elnicki failed to do so, we will not now consider this claim of error.

Affirmed in part and dismissed in part.