NOT DESIGNATED FOR PUBLICATION

No. 116,982

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN D. ELNICKI,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed December 15, 2017. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Justin D. Elnicki appeals from the district court's summary denial of his pro se K.S.A. 60-1507 motion. He asks us to reverse his conviction based on a violation of his right to a speedy trial. In the alternative, he asks for a new trial or an evidentiary hearing on his K.S.A. 60-1507 motion. We find no evidentiary or legal support for either of these requests. Accordingly, we affirm the district court.

1

*Procedural history*

Elnicki's motion follows three jury trials on the charges underlying this case. He was originally charged with aggravated kidnapping, rape, and aggravated sodomy for events occurring in November 2001. During his first trial in 2002, the district court dismissed the kidnapping charge, and Elnicki was convicted of rape and aggravated criminal sodomy. On direct appeal, the Kansas Supreme Court reversed the convictions, finding that the videotape of a police interrogation introduced into evidence unduly prejudiced Elnicki and the prosecutor made unsupported attacks on Elnicki's credibility in closing argument, thereby depriving Elnicki of a fair trial. *State v. Elnicki*, 279 Kan. 47, 67-68, 105 P.3d 1222 (2005) (*Elnicki I*).

Before his second trial, Elnicki moved to dismiss the charges based on a claimed violation of his statutory speedy trial rights. His motion was denied, and in his second jury trial he was convicted of rape but acquitted of the aggravated criminal sodomy charge. After Elnicki filed a direct appeal from his rape conviction, he moved for a remand to the district court pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), to determine whether his attorney at the second trial was unconstitutionally ineffective. See *State v. Elnicki*, 43 Kan. App. 2d 555, 556-57, 228 P.3d 1087, *rev. denied* 290 Kan. 1097 (2010) (*Elnicki II*). A panel of this court granted Elnicki's motion and remanded the case to the district court for an evidentiary hearing.

At the *Van Cleave* hearing, the district court determined that Elnicki's counsel's performance was inadequate due to counsel's failure to investigate and to call new witnesses discovered after the first trial. The district court ruled that Elnicki was prejudiced by counsel's inadequate performance and ordered a new trial. Elnicki appealed the order for a new trial, claiming that the charges should have been dismissed altogether because his speedy trial rights had been violated. This court rejected Elnicki's speedy trial

2

claim, and our Supreme Court denied Elnicki's petition for review. The State cross-appealed from the order for a new trial, but this court held that we lacked jurisdiction to consider the cross-appeal. 43 Kan. App. 2d at 562.

Elnicki's third trial took place in 2010. He again was convicted of rape. Elnicki moved for a new trial, arguing that he was denied a fair trial due to ineffective assistance of trial counsel. He also reasserted his argument that his right to a speedy trial had been violated. The district court denied Elnicki's motion and sentenced him to 267 months in prison.

Elnicki appealed and this court affirmed his conviction. See *State v. Elnicki*, No. 110,516, 2015 WL 1882098, at *14 (Kan. App. 2015) (unpublished opinion), *rev. denied* October 7, 2015 (*Elnicki III*). The mandate was issued in November 2015.

*Latest K.S.A. 60-1507 motion*

In March 2016 Elnicki brought his current K.S.A. 60-1507 motion, in which he raised several issues including prosecutorial error, ineffective assistance of trial counsel and appellate counsel, abuse of discretion by the district court, and statutory and constitutional speedy trial claims.

In July 2016, the district court summarily denied Elnicki's K.S.A. 60-1507 motion. In denying the motion, the district court noted that Elnicki "briefly claim[ed] that his appellate attorney was not 'diligent' and 'mis-briefed' issues on appeal," but Elnicki failed to provide facts to support this claim and there was no supporting evidence in the record. Moreover, Elnicki's speedy trial claims related specifically to *Elnicki II* and had been previously resolved by a panel of this court. See 43 Kan. App. 2d at 560.

3

Elnicki's appeal now brings the matter before us.

*Standard of review*

Elnicki appeals from the summary denial of his K.S.A. 60-1507 motion. The district court denied the motion without conducting an evidentiary hearing. Thus, we review Elnicki's motion de novo to determine if he is entitled to a full evidentiary hearing. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Ineffective assistance of appellate counsel*

On appeal, Elnicki contends his appellate counsel in *Elnicki III* was ineffective for failing to adequately brief two evidentiary issues. But Elnicki failed to raise this issue before the district court.

Generally, we will not consider claims of ineffective assistance of counsel raised for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 127, 200 P.3d 1236 (2009); *Alford v. State*, 42 Kan. App. 2d 392, 394, 212 P.3d 250 (2009), *rev. denied* 290 Kan. 1092 (2010). This rule comports with the general rule that issues not raised before the district court cannot be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). An exception to this rule arises when (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; when (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; or when (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Elnicki asks us to apply the exceptions that this newly asserted issue involves only a question of law arising on proved or admitted facts and consideration of the issue is necessary to prevent the denial of fundamental constitutional rights. He also claims his pro se K.S.A. 60-1507 motion should be liberally construed. See *State v. Kelly*, 291 Kan. 563, 565-66, 244 P.3d 639 (2010). Further, he asserts that counsel should have been appointed, prompting the possibility of an amended motion by counsel which would have included these additional claims. See *Pabst v. State*, 287 Kan. 1, 25, 192 P.3d 630 (2008).

Historically, we have not allowed a movant to raise new issues on appeal based on a general ineffective assistance of counsel claim. It is only in very rare instances that we have applied an exception and addressed an issue after a K.S.A. 60-1507 movant has failed to raise the issue below. See *Trotter*, 288 Kan. at 127.

Here, the district court correctly recognized that Elnicki's only reference to appellate counsel's performance was that "his appellate attorney was not 'diligent' and 'mis-briefed' issues on appeal." The district court also correctly found that Elnicki provided no facts to support his claim of lack of diligence, and there were no facts in the record supporting the claim. A movant seeking relief under K.S.A. 60-1507 must provide an evidentiary basis in support of his or her argument; conclusory allegations will not suffice. *Sola-Morales*, 300 Kan. at 881; *Swenson v. State*, 284 Kan. 648, 656, 162 P.3d 808, *modified* 284 Kan. 931, 169 P.3d 298 (2007). Elnicki does not dispute the finding that his claim was conclusory and lacked an evidentiary basis.

As stated in *Bledsoe v. State*, 283 Kan. 81, 88-89, 91, 150 P.3d 868 (2007):

"[A K.S.A. 60-1507] movant can overcome a procedural default, *i.e.*, a failure to raise an issue at trial or on direct appeal, and demonstrate exceptional circumstances by persuading us that there was (1) ineffective assistance of trial counsel in failing to object

5

regarding an issue; (2) ineffective assistance of direct appeal counsel in failing to raise the issue; or (3) newly discovered evidence or an unforeseeable change in circumstances or constitutional law unknown to counsel and the movant at the time of trial and the direct appeal."

But none of these exceptional circumstances exists to permit us to consider this tardy claim. Besides, Elnicki has failed to show any prejudice. Without a showing of prejudice, we need not consider whether any underlying deficient performance of counsel actually occurred. *Edgar v. State*, 294 Kan. 828, 830, 283 P.3d 152 (2012). A successful ineffective assistance of counsel claim requires a showing that counsel's constitutionally deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). Prejudice is demonstrated by a showing that there was a reasonable probability that, but for counsel's error, the outcome of the hearing would have been more favorable to the defendant. *Edgar*, 294 Kan. at 829.

Besides, as recognized in *Laymon v. State*, 280 Kan. 430, 439, 122 P.3d 326 (2005), the failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel.

"'In an appeal from a criminal conviction, appellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. Likewise, the fact that the defendant requests such an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit.' [Citation omitted.]" 280 Kan. at 440.

Here, Elnicki argues that appellate counsel raised two evidentiary issues as assertions of prosecutorial error on appeal without providing the appellate court with an

6

adequate explanation of why those errors could be considered for the first time on appeal under Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Appellate counsel sought to treat the claims as claims of prosecutorial error rather than as simple evidentiary claims because trial counsel had not raised any objection to this evidence at trial. See K.S.A. 60-404; *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). But Elnicki now contends that appellate counsel should have raised them as evidentiary issues because of an available exception to the contemporaneous-objection rule that excused trial counsel's failure to object at trial.

This contention is without merit. In *King*, our Supreme Court unequivocally held that it would not allow an exception to the contemporaneous-objection rule when issues are raised in the context of prosecutorial misconduct. The court held:

> "We stress today the importance of this legislative mandate. K.S.A. 60-404 dictates that evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error at trial. Although our past decisions may have relaxed the objection requirement in the evidentiary context, this practice not only has led to confusion as to the standards that should be applied on appeal, but also has de-emphasized the role of counsel at trial and has impaired the gate-keeping function of district courts in this state. [Citation omitted.] More importantly, this practice of reviewing evidentiary questions when no objection has been lodged runs contrary to the legislature's clearly stated intent in K.S.A. 60-404.
>
> "We disapprove of our previous decisions that have granted appellate review of a prosecutor's questions and a witness' answers to those questions during trial without objection by way of a prosecutorial misconduct claim. From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims—including questions posed by a prosecutor and responses to those questions during trial—must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal." 288 Kan. at 349.

7

Our Supreme Court has refused to address evidentiary issues on direct appeal when no contemporaneous objection has been lodged. Elnicki cites no caselaw recognizing any exceptions to this rule. Even if appellate counsel had raised the issues as evidentiary issues—and asserted that an exception applied under Rule 6.02(a)(5)—the result would have been the same. Thus, Elnicki is unable to demonstrate prejudice. Elnicki was not entitled to an evidentiary hearing on a theory of ineffective assistance of counsel that was not included in his K.S.A. 60-1507 motion.

*Statutory and constitutional rights to a speedy trial*

Next, Elnicki argues that his statutory and constitutional rights to a speedy trial were violated. He also claims that appellate counsel was ineffective for abandoning his speedy trial argument on appeal in *Elnicki III*.

In his K.S.A. 60-1507 motion, Elnicki asserted that his speedy trial rights were violated. But nearly all of Elnicki's arguments refer to alleged violations that occurred during the time period before his second trial. In *Elnicki II*, a panel of this court determined that Elnicki's speedy trial rights were not violated. 43 Kan. App. 2d at 560. Therefore, we will not consider Elnicki's speedy trial arguments that relate to events preceding his second trial. Consideration of those issues is barred by the doctrine of res judicata. "The doctrine of res judicata applies to a K.S.A. 60-1507 movant who attempts to raise issues which have previously been resolved by a final appellate court order in his or her criminal proceeding." *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 (2016).

Our sole focus is on Elnicki's claim that his statutory and constitutional rights to a speedy trial were violated by events occurring between his second trial in September 2005 and his third trial in September 2010. Elnicki claims that during this period (1) the

court reporter took too long filing her transcripts; (2) the State should not have been allowed to appeal from the *Van Cleave* hearing in *Elnicki II*; and (3) the Court of Appeals allowed and promoted the delays which resulted in an approximate five-year delay between the second and third trials.

But Elnicki concedes that the district court ruled on all these issues while his third trial was pending and again when the district court denied his posttrial motion for a new trial. The district court denied Elnicki's speedy trial claim and reiterated its ruling when it denied Elnicki's motion for a new trial. Elnicki failed to raise this issue in his direct appeal. *Elnicki III*, 2015 WL 1882098. "[W]hen a criminal defendant files a direct appeal from his or her conviction and sentence, 'the judgment of the reviewing court is res judicata as to all issues actually raised; those issues that could have been raised, but were not presented, are deemed waived.' [Citation omitted.]" *Woods*, 52 Kan. App. 2d at 965. Having failed to raise the speedy trial issue in his direct appeal following his third trial, the issue has been waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016); *Woods*, 52 Kan. App. 2d at 965.

Elnicki provides no persuasive argument that we should make an exception and now consider his speedy trial claim. The issue was extensively litigated, and Elnicki fails to convince us that a review of his newly asserted claim of ineffective assistance of appellate counsel is necessary to serve the ends of justice or to prevent denial of fundamental rights. We see no probability of a different result if the speedy trial issue had been raised on direct appeal. The district court thoroughly considered Elnicki's claim of violation of his right to a speedy trial, and it found no such violation. Elnicki has not shown any flaw in the district court's reasoning. As such, we find no prejudice resulting from appellate counsel's decision not to pursue the issue on Elnicki's direct appeal.

9

The district court did not err in summarily denying Elnicki's claims. None of the issues he now raises on appeal was raised in his K.S.A. 60-1507 motion. Thus, an evidentiary hearing was not warranted.

Affirmed.