NOT DESIGNATED FOR PUBLICATION

No. 121,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN D. ELNICKI,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed August 6, 2021. Affirmed.

*Jason W. Belveal*, of Holton, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Justin D. Elnicki appeals the trial court's denial of his pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2). Elnicki asserts that the trial court wrongly denied his pro se motion to amend because he sought the amendment to address his former appellate counsel's refusal to argue that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials. Because the record on appeal establishes that Elnicki was not entitled to the amendment he requested, we affirm the trial court's denial of Elnicki's pro se motion to amend.

1

In Elnicki's most recent appeal to this court, which was an appeal from the summary denial of his pro se K.S.A. 60-1507 motion, we summarized the procedural history of Elnicki's criminal case as follows:

"Elnicki's [pro se K.S.A. 60-1507] motion follows three jury trials on the charges underlying this case. He was originally charged with aggravated kidnapping, rape, and aggravated sodomy for events occurring in November 2001. During his first trial in 2002, the district court dismissed the kidnapping charge, and Elnicki was convicted of rape and aggravated criminal sodomy. On direct appeal, the Kansas Supreme Court reversed the convictions, finding that the videotape of a police interrogation introduced into evidence unduly prejudiced Elnicki and the prosecutor made unsupported attacks on Elnicki's credibility in closing argument, thereby depriving Elnicki of a fair trial. *State v. Elnicki*, 279 Kan. 47, 67-68, 105 P.3d 1222 (2005) (*Elnicki I* ).

"Before his second trial, Elnicki moved to dismiss the charges based on a claimed violation of his statutory speedy trial rights. His motion was denied, and in his second jury trial he was convicted of rape but acquitted of the aggravated criminal sodomy charge. After Elnicki filed a direct appeal from his rape conviction, he moved for a remand to the district court pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), to determine whether his attorney at the second trial was unconstitutionally ineffective. See *State v. Elnicki*, 43 Kan. App. 2d 555, 556-57, 228 P.3d 1087, *rev. denied* 290 Kan. 1097 (2010) (*Elnicki II* ). A panel of this court granted Elnicki's motion and remanded the case to the district court for an evidentiary hearing.

"At the *Van Cleave* hearing, the district court determined that Elnicki's counsel's performance was inadequate due to counsel's failure to investigate and to call new witnesses discovered after the first trial. The district court ruled that Elnicki was prejudiced by counsel's inadequate performance and ordered a new trial. Elnicki appealed the order for a new trial, claiming that the charges should have been dismissed altogether because his speedy trial rights had been violated. We rejected Elnicki's speedy trial claim, and our Supreme Court denied Elnicki's petition for review. The State cross-appealed from the order for a new trial, but this court held that we lacked jurisdiction to consider the cross-appeal. 43 Kan. App. 2d at 562.

"Elnicki's third trial took place in 2010. He again was convicted of rape. Elnicki moved for a new trial, arguing that he was denied a fair trial due to ineffective assistance of trial counsel. He also reasserted his argument that his right to a speedy trial had been violated. The district court denied Elnicki's motion and sentenced him to 267 months in prison.

"Elnicki appealed and this court affirmed his conviction. See *State v. Elnicki*, No. 110,516, 2015 WL 1882098, at *14 (Kan. App. 2015) (unpublished opinion), *rev. denied* October 7, 2015 (*Elnicki III* ). The mandate was issued in November 2015.

. . . .

"In March 2016 Elnicki brought his current [pro se] K.S.A. 60-1507 motion, in which he raised several issues including prosecutorial error, ineffective assistance of trial counsel and appellate counsel, abuse of discretion by the district court, and statutory and constitutional speedy trial claims.

"In July 2016, the district court summarily denied Elnicki's [pro se] K.S.A. 60-1507 motion. In denying the motion, the district court noted that Elnicki 'briefly claim[ed] that his appellate attorney was not "diligent" and "mis-briefed" issues on appeal,' but Elnicki failed to provide facts to support this claim and there was no supporting evidence in the record. Moreover, Elnicki's speedy trial claims related specifically to *Elnicki II* and had been previously resolved by a panel of this court." *Elnicki v. State*, No. 116,982, 2017 WL 6396449, at *1-2 (Kan. App. 2017) (unpublished opinion) (*Elnicki IV*).

On appeal in *Elnicki IV*, Elnicki argued that the trial court erred by summarily denying his pro se K.S.A. 60-1507 motion without holding an evidentiary hearing for two reasons:  First, he argued that his appellate counsel from *Elnicki III* was ineffective "for failing to adequately brief two evidentiary issues." 2017 WL 6396449, at *2. Second, he argued that this same *Elnicki III* appellate counsel was ineffective for failing to argue that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials. 2017 WL 6396449, at *4.

Yet, in his appellant's brief, Elnicki's then-appointed counsel, i.e., *Elnicki IV* appellate counsel, also recognized that Elnicki had not expressly raised these two issues

3

in his pro se K.S.A. 60-1507 motion. Instead, *Elnicki IV* appellate counsel conceded that in his pro se K.S.A. 60-1507 motion, Elnicki had made several distinct arguments, including (1) that *Elnicki III* appellate counsel generally provided deficient performance and (2) that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials. Even so, *Elnicki IV* appellate counsel argued that we should liberally construe Elnicki's pro se K.S.A. 60-1507 motion to consider all of Elnicki's appellate arguments for the first time on appeal. Furthermore, *Elnicki IV* appellate counsel argued that we should consider whether *Elnicki III* appellate counsel provided deficient performance by not arguing that Elnicki's statutory and constitutional speedy trial rights had been violated for the first time on appeal because consideration of this issue involved a question of law that was necessary to prevent the denial of Elnicki's fundamental rights.

In its appellee's brief, however, the State countered that we should not consider either of Elnicki's ineffective assistance of *Elnicki III* appellate counsel arguments since he was raising them for the first time on appeal. Alternatively, the State asserted that both of Elnicki's complaints about *Elnicki III* appellate counsel's performance were meritless. On Elnicki's contention that *Elnicki III* appellate counsel was ineffective for failing to raise certain speedy trial arguments, the State specifically asserted that Elnicki's arguments were meritless because he could not establish that either his statutory or constitutional speedy trial rights had been violated at any point throughout his criminal proceedings. And in making this assertion, the State noted that the trial court and this court had previously rejected Elnicki's arguments about his statutory and constitutional speedy trial rights being violated.

Ultimately, the *Elnicki IV* court agreed with the State, affirming the trial court's summary denial of Elnicki's pro se K.S.A. 60-1507 motion. In doing so, it quickly rejected Elnicki's argument about *Elnicki III* appellate counsel failing to adequately brief the two evidentiary issues because Elnicki had raised this conclusory argument for the

4

first time on appeal. 2017 WL 6396449, at *2-4. It then rejected Elnicki's argument that *Elnicki III* appellate counsel provided deficient performance by not arguing that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials for the following reasons:

> "In his [pro se] K.S.A. 60-1507 motion, Elnicki asserted that his speedy trial rights were violated. But nearly all of Elnicki's arguments refer to alleged violations that occurred during the time period before his second trial. In *Elnicki II*, a panel of this court determined that Elnicki's speedy trial rights were not violated. 43 Kan. App. 2d at 560. Therefore, we will not consider Elnicki's speedy trial arguments that relate to events preceding his second trial. Consideration of those issues is barred by the doctrine of res judicata. 'The doctrine of res judicata applies to a K.S.A. 60-1507 movant who attempts to raise issues which have previously been resolved by a final appellate court order in his or her criminal proceeding.' *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 (2016).
>
> "Our sole focus is on Elnicki's claim that his statutory and constitutional rights to a speedy trial were violated by events occurring between his second trial in September 2005 and his third trial in September 2010. Elnicki claims that during this period (1) the court reporter took too long filing her transcripts; (2) the State should not have been allowed to appeal from the *Van Cleave* hearing in *Elnicki II*; and (3) the Court of Appeals allowed and promoted the delays which resulted in an approximate five-year delay between the second and third trials.
>
> "But Elnicki concedes that the district court ruled on all these issues while his third trial was pending and again when the district court denied his posttrial motion for a new trial. The district court denied Elnicki's speedy trial claim and reiterated its ruling when it denied Elnicki's motion for a new trial. Elnicki failed to raise this issue in his direct appeal. *Elnicki III*, 2015 WL 1882098. '[W]hen a criminal defendant files a direct appeal from his or her conviction and sentence, "the judgment of the reviewing court is res judicata as to all issues actually raised; those issues that could have been raised, but were not presented, are deemed waived." [Citation omitted.]' *Woods*, 52 Kan. App. 2d at 965. Having failed to raise the speedy trial issue in his direct appeal following his third trial, the issue has been waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016); *Woods*, 52 Kan. App. 2d at 965.

5

"*Elnicki provides no persuasive argument that we should make an exception and now consider his speedy trial claim. The issue was extensively litigated, and Elnicki fails to convince us that a review of his newly asserted claim of ineffective assistance of appellate counsel is necessary to serve the ends of justice or to prevent denial of fundamental rights. We see no probability of a different result if the speedy trial issue had been raised on direct appeal. The district court thoroughly considered Elnicki's claim of violation of his right to a speedy trial, and it found no such violation. Elnicki has not shown any flaw in the district court's reasoning. As such, we find no prejudice resulting from appellate counsel's decision not to pursue the issue on Elnicki's direct appeal.*

"The district court did not err in summarily denying Elnicki's claims. *None of the issues he now raises on appeal [were] raised in his K.S.A. 60-1507 motion.* Thus, an evidentiary hearing was not warranted." (Emphases added.) 2017 WL 6396449, at *5.

The *Elnicki IV* court issued its opinion on December 15, 2017. Afterwards, Elnicki petitioned our Supreme Court to review *Elnicki IV*. Nevertheless, our Supreme Court denied Elnicki's petition for review. This resulted in the *Elnicki IV* court's mandate being issued at 2:41 p.m. on September 17, 2018.

At 3:47 p.m. that same day, Elnicki filed a pro se motion to amend his pro se K.S.A. 60-1507 motion—the same pro se K.S.A. 60-1507 motion that was at issue in *Elnicki IV*—under K.S.A. 60-215(c)(2). According to Elnicki, he was entitled to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2) to more fully address whether *Elnicki III* appellate counsel wrongly refused to argue that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials since he had "begged" her to raise the speedy trial issues on appeal. Also, in making his argument, although Elnicki recognized that *Elnicki III* appellate counsel had told him that his desired statutory and constitutional speedy trial claims were meritless, he questioned *Elnicki III* appellate counsel's assessment of his speedy trial claims.

In the end, however, the trial court denied Elnicki's pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2) for three reasons. First, the trial

court ruled that Elnicki was not entitled to amend his pro se K.S.A. 60-1507 motion as a matter of right because he had moved to amend his motion after K.S.A. 60-1507(f)'s deadline to timely file a K.S.A. 60-1507 motion had passed. Thus, the trial court determined that under the assumption that Elnicki sought to raise a new claim of ineffective assistance of counsel against *Elnicki III* appellate counsel, this new claim of ineffective assistance of counsel was time-barred under K.S.A. 60-1507(f). Second, the trial court ruled that Elnicki had used his pro se motion to amend as a vehicle to repeat arguments he had raised in his pro se K.S.A. 60-1507 motion. In turn, the trial court determined that Elnicki was not entitled to his requested amendment under the plain language of K.S.A. 60-215(c)(2) because he was not requesting to amend his pro se K.S.A. 60-1507 motion to raise a new claim that arose out of the same conduct, transaction, or occurrence he set out, or attempted to set out, in that motion. Finally, the trial court further ruled that even if it allowed Elnicki to amend his pro se K.S.A. 60-1507 motion as requested, at best, Elnicki's amended pro se K.S.A. 60-1507 motion constituted an impermissible successive postconviction motion because "[Elnicki] ha[d] already raised the speedy trial issue in his direct appeal from *Elnicki II*, and [the *Elnicki IV* court had] already denied the claim because of res judicata."

Elnicki now, with the assistance of counsel, appeals the trial court's denial of his pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2).

ANALYSIS

K.S.A. 2020 Supp. 60-1507(a) provides that prisoners may collaterally attack their convictions "pursuant to the time limitations imposed by subsection (f)." Meanwhile, subsection (f) states that prisoners collaterally attacking their convictions under K.S.A. 2020 Supp. 60-1507 must do so no later than one year after the final order of the last appellate court to exercise jurisdiction over their direct appeals. K.S.A. 2020 Supp. 60-1507(f). When reviewing the trial court's summary denial of a K.S.A. 60-1507 motion,

7

we exercise de novo review. *Thompson v. State*, 293 Kan. 704, 709, 270 P.3d 1089 (2011).

On the other hand, K.S.A. 2020 Supp. 60-215(c) provides that parties may move to amend their previously filed pleadings to add arguments, even outside of the applicable statute of limitations for filing those pleadings, as long as the requested amendments "relate back" to their timely filed original pleading. Under K.S.A. 2020 Supp. 60-215(c)(2), an amendment will relate back if it "arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading." Previously, our Supreme Court has interpreted this language as meaning that "relation back is permitted only if the *new* claim is similar in time and type to the original claim . . . ." (Emphasis added.) *Thompson*, 293 Kan. 704, Syl. ¶ 3. In other words, our Supreme Court precedent establishes that an amendment under K.S.A. 2020 Supp. 60-215(c)(2) is permissible only if the party raises a claim that is related but distinct from the party's previously pleaded claims. Also, when reviewing the trial court's denial of a motion to amend under K.S.A. 2020 Supp. 60-215(c)(2), we review the trial court's decision under the lenient abuse of discretion standard. 293 Kan. at 709. A trial court abuses its discretion if its decision was premised on an error of law, an error of fact, or is an otherwise unreasonable decision. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

In the past, we have consistently upheld the trial court's denial of successive K.S.A. 60-1507 motions. For instance, we have explained "that a sentencing court is not required to entertain a second or successive K.S.A. 60-1507 motion that raises the same or substantially the same issues as a previous motion that was decided on the merits." *McPherson v. State*, 38 Kan. App. 2d 276, 286, 163 P.3d 1257 (2007). As a result, when K.S.A. 60-1507 movants raise the same or substantially the same issue in a successive K.S.A. 60-1507 motion, the trial "court may dismiss [the] successive motion on the ground its use constitutes an abuse of remedy." 38 Kan. App. 2d at 286. Similarly, we have consistently upheld the trial court's denial of a K.S.A. 60-1507 motion under the

doctrine of res judicata as to all issues which have been resolved by a final appellate court in their previous appeals. See *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016).

Here, Elnicki's sole argument on appeal is that the trial court abused its discretion when it denied his pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2). He contends that he was entitled to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2) because he has no other "legal recourse to seek justice" for *Elnicki III* appellate counsel's failure to argue that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials. Although his arguments are often unclear, Elnicki seemingly believes that *Elnicki III* appellate counsel had a duty to argue that his speedy trial rights had been violated because he repeatedly told *Elnicki III* appellate counsel that he wanted her to argue that his speedy trial rights had been violated.

The State counters that the trial court "correctly recognized Elnicki's [pro se] motion [to amend] was not amending his prior [pro se K.S.A. 60-1507] motion to add a new claim, but rather, lodging precisely the same claim." According to the State, Elnicki was using his pro se motion to amend to relitigate his previously rejected arguments about *Elnicki III* appellate counsel being ineffective for failing to argue that his statutory and constitutional speedy trial rights had been violated before his second and third jury trials. As a result, the State argues that we should affirm the trial court's denial of Elnicki's pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c)(2) because in his pro se motion to amend, Elnicki essentially asked to file a successive K.S.A. 60-1507 motion.

Simply put, the State's arguments on appeal are persuasive. To review, in his pro se K.S.A. 60-1507 motion, Elnicki alleged that his appellate counsel in *Elnicki III* was ineffective. Likewise, in his pro se K.S.A. 60-1507 motion, Elnicki also argued that his

speedy trial rights had been violated before his second and third jury trials. Then, on appeal from the trial court's summary denial of Elnicki's K.S.A. 60-1507 motion in *Elnicki IV*, Elnicki, through *Elnicki IV* appellate counsel, recognized that he had not explicitly argued that *Elnicki III* appellate counsel provided deficient performance by not raising his requested statutory and constitutional speedy trial issues on appeal in *Elnicki III*. Even so, Elnicki asserted that we should consider his speedy trial arguments for the first time on appeal (1) under the rule that courts should liberally construe pro se motions to give effect to their content and (2) under the rule that appellate courts may consider a question of law for the first time on appeal when consideration of that question of law is necessary to prevent the denial of a party's fundamental rights.

But the *Elnicki IV* court rejected Elnicki's contention that his *Elnicki III* appellate counsel provided deficient performance by not arguing that his statutory and constitutional speedy trial rights had been violated for two reasons:  (1) because his claims were barred under the doctrine of res judicata and (2) because his claims did not otherwise establish that the trial court's and this court's previous rejections of his speedy trial arguments were erroneous. Accordingly, the *Elnicki IV* court rejected Elnicki's contention that *Elnicki III* appellate counsel provided deficient performance by not raising his desired speedy trial arguments because there was "no probability" that we would have reversed his rape conviction but for *Elnicki III* appellate counsel's failure to raise his desired speedy trial arguments. *Elnicki IV*, 2017 WL 6396449, at *5. Thus, although Elnicki did not expressly argue in his pro se K.S.A. 60-1507 motion that *Elnicki III* appellate counsel provided deficient performance by not raising his desired speedy trial arguments, on Elnicki's request to consider this argument for the first time on appeal, the *Elnicki IV* court determined that any speedy trial argument Elnicki could have raised was groundless. In other words, the *Elnicki IV* court determined that Elnicki's argument was fatally flawed that his *Elnicki III* appellate counsel had provided deficient performance by not raising his desired speedy trial arguments. *Elnicki IV*, 2017 WL 6396449, at *5.

10

As a result, when it denied Elnicki's pro se motion to amend, the trial court correctly ruled that Elnicki was using his pro se motion to amend as a vehicle to relitigate the ineffective assistance of *Elnicki III* appellate counsel and speedy trial arguments that we had already rejected in *Elnicki IV*. And because the trial court had no duty to consider any argument previously raised by Elnicki and rejected by us, the trial court properly denied Elnicki's pro se motion to amend his pro se K.S.A. 60-1507 motion under K.S.A. 60-215(c) as an attempt to file an impermissible successive K.S.A. 60-1507 motion. Therefore, the trial court did not abuse its discretion when it denied Elnicki's pro se motion to amend as an attempt to file an impermissible successive K.S.A. 60-1507 motion. See *Woods*, 52 Kan. App. 2d at 964-65; *McPherson*, 38 Kan. App. 2d at 286. For this reason, we affirm.

Affirmed.

11